**IN THE COURT OF APPEALS OF IOWA**

No. 22-0886
Filed August 17, 2022

**IN THE INTEREST OF D.M.-N.,**
**Minor Child,**

**M.M., Father,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Woodbury County, Mary Jane Sokolovske, Judge.


　　A father appeals the termination of his parental rights.  **AFFIRMED.**


　　John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

　　Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General, for appellee State.

　　Joseph Kertels of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.


　　Considered by Badding, P.J., Chicchelly, J., and Gamble, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

A father appeals the termination of his parental rights to his child, D.M.-N. He challenges the statutory grounds authorizing termination and argues termination is not in D.M.-N.'s best interest. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73.

First, we consider the father's challenge to the statutory grounds authorizing termination. Here, the juvenile court terminated the father's rights to D.M.-N. under Iowa Code section 232.116(1)(b) and (h) (2022). When the juvenile court terminates under multiple statutory grounds, as occurred here, we may affirm on any ground satisfied. *In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021). We choose to address paragraph (h). Section 232.116(1)(h) authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father limits his challenge to the fourth element, whether D.M.-N. can be safely returned to his care. Iowa Code § 232.116(1)(h)(4). This element is satisfied when the State establishes the child cannot be safely returned to the parent *at the time of the termination hearing. See In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020). Here, D.M.-N. clearly could not be returned to the father's care at the time of the termination hearing because the father was incarcerated.[1] *See In re C.D.*, No. 20-0743, 2020 WL 4516081, at *1 (Iowa Ct. App. Aug. 5, 2020) ("Because C.D.'s father was incarcerated at the time of the termination trial, the child could not be returned to him."). So a statutory ground for termination is satisfied.

Next, we address our steps two and three in tandem. Step two centers on the child's best interest. *See* Iowa Code § 232.116(2). When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will

---

[1] The father testified that, at the earliest, he would get out in another six, seven, or eight months. He is also facing pending federal charges.

learn to be a parent and be able to provide a stable home for the child." *Id.* at 41. Step three permits the court to apply permissive exceptions to forgo termination in certain circumstances. *See* Iowa Code § 232.116(3). However, the burden of establishing an exception rests with the parent. *See A.S.*, 906 N.W.2d at 476.

Here, the father argues termination is not in D.M.-N.'s best interest because he lived with D.M.-N. for seven months prior to his incarceration and has a bond with D.M.-N. *See* Iowa Code § 232.116(3)(c) (recognizing a strong parent-child bond may preclude termination). But D.M.-N. is integrated into her foster home with the intention that they adopt her. *See id.* § 232.116(2)(b). Even the father said at the termination hearing that the foster family "really really love[s] her. It's a very good environment, and [he] most definitely approve[s] of her being placed there." We think D.M.-N. will best find stability and permanency through termination and adoption. So we conclude termination is in D.M.-N.'s best interest and decline to apply a permissive exception to termination.

**AFFIRMED.**